UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

DIVISION

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>vs.<br><br>RENAE JO PACHECO<br><br>Defendant. | 3:20-CR-30085-RAL-1<br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

Defendant Renae Jo Pacheco pled guilty to conspiracy to distribute a controlled substance. Doc. 49 at 1; Doc. 51. On August 2, 2021, this Court sentenced her to 48 months custody and three years of supervised release. Doc. 48; Doc. 51. Pacheco is currently incarcerated in the Carswell Federal Medical Center in Fort Worth, Texas. Doc. 51; Doc. 52.

On April 11, 2022, Pacheco filed a pro se motion to reduce sentence/obtain credit for time served. Doc. 51. She believes that one year should be credited to her for time served in Rosebud Sioux tribal jail for the same conduct underlying her federal conviction. Doc. 51. Once she receives credit for time served, Pacheco states that she will have served approximately half of her sentence and may be eligible for compassionate release. See Doc. 51. On June 7, 2022, Pacheco filed another letter with the Court stating that she has not received her sentencing papers and has not yet received credit for time served in tribal jail. Doc. 52.

"[18 U.S.C. §] 3585(b) permits a defendant to receive credit toward a federal sentence for any time spent in official detention, prior to the date the federal sentence commences, if the

1

detention was a 'result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.'" United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (quoting 18 U.S.C. §3583(b)(2)). 18 U.S.C. § 3585(b) does not contemplate that a district court will calculate credit for time served. United States v. Wilson, 503 U.S. 329, 333 (1992). Rather, that calculation is left to the Attorney General to compute with the assistance of the Bureau of Prisons ("BOP"). Tindall, 455 F.3d at 888; Wilson, 503 U.S. at 334; United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). Thus, Pacheco's claim concerning time served "is properly left to the Bureau of Prisons" and "should first be presented to [it.]" Pardue, 363 F.3d at 699.

Only "[o]nce administrative remedies are exhausted," Pacheco may "seek judicial review of any jail-time credit determination[] by filing a habeas petition under 28 U.S.C. § 2241." Id. Additionally, "a prisoner must file a motion concerning administration or calculation of sentences in either the district of confinement or the regional BOP office." United States v. Frosch, 496 F. Supp. 2d 1018, 1020 (S.D. Iowa 2007); see also Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Pacheco is incarcerated at Carswell Federal Medical Center in Fort Worth, Texas, so Pacheco should file any habeas motion concerning calculation of her sentence in the district where Carswell Federal Medical Center is located and not in the District of South Dakota.

Pacheco has not alleged or made a showing that she has exhausted administrative remedies with the BOP concerning computation of time served. Doc. 51; Doc. 52. Therefore, her claim would not be ripe for any federal court's review, and it is hereby

ORDERED that Pacheco's motion to reduce sentence/obtain credit for time served, Doc. 51, is denied without prejudice to refiling in the appropriate federal district court once she has exhausted administrative remedies.

DATED this 16th day of June, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE