UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RENAE JO PACHECO,<br><br>Defendant. | 3:20-CR-30085-RAL<br><br>OPINION AND ORDER DENYING COMPASSIONATE RELEASE |

Defendant Renae Jo Pacheco filed a pro se motion for compassionate release, for an attorney, or to be moved to the Winner Jail. Doc. 54. Pursuant to the procedure established by Amended Standing Order 20-06, the United States Attorney and the Federal Public Defender for the Districts of North and South Dakota categorized her motion as an Unknown Risk. Doc. 55. The Federal Public Defender has not supplemented Pacheco's motion and the Government has not filed a motion in opposition. For the following reasons, this Court denies Pacheco's motion for compassionate release.

I.   **Factual Background**

On May 10, 2021, Pacheco pled guilty to one count of conspiracy to distribute a controlled substance in violation of 18 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Doc. 40. On August 2, 2021, the undersigned judge sentenced Pacheco to 48 months in custody, three years supervised release, $1,000 fine, and $100 special assessment. Docs. 48–49. Pacheco was then transferred to the Carswell Federal Medical Center in Fort Worth, Texas where she filed a prior motion to reduce

1

her sentence, which was denied. Doc. 53. Later, in September 2022, Pacheco was moved to the Hughes County Jail in Pierre, South Dakota. While at the Hughes County Jail, Pacheco filed a motion for compassionate release, counsel, or to be transferred to the Winner City Jail in Winner, South Dakota. Doc. 54.

Pacheco's conviction stemmed from the possession and distribution of methamphetamine. Doc. 42 ¶ 5. Pacheco admitted to conspiring with others between 2015 and 2020 to distribute more than 500 grams of methamphetamine in and around the Rosebud Indian Reservation. Id. The drug amount attributed to Pacheco based upon law enforcement interviews was around 1,502.35 grams of methamphetamine. Id. ¶ 27.

Under the sentencing guidelines Pacheco's total offense level was 25, and her criminal history category was I. Id. ¶ 75. Pacheco's advisory guideline range was 57 to 71 months. Id. Because Pacheco met the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5), this Court was able to impose a sentence without regard to the statutory mandatory minimum sentence. This Court then departed downward to sentence Pacheco to 48 months in custody. Doc. 49.

Pacheco is not currently in a Bureau of Prisons (BOP) facility and is presumably remains at the Hughes County Jail. Doc. 54 at 1; Inmate Locator, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last visited Mat 23, 2023) (Register Number: 12057-073). Pacheco is currently 53 years old and has a projected release date of October 6, 2024. Inmate Locator, supra.

In early 2020, a novel coronavirus, COVID-19, quickly spread across the United States and infiltrated correctional institutions. The Centers for Disease Control and Prevention (CDC) has identified certain underlying health conditions that put individuals at higher risk for a severe form of the illness if they contract the disease. Among those at higher risk are individuals with

cancer, tuberculosis, obesity, serious heart conditions, sickle cell disease, Type 2 diabetes, as well as several other conditions. See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023). Just this month, the United States declared the pandemic to have concluded. End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, , Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 5, 2023).

Pacheco filed her motion for compassionate release based on her medical circumstances. Pacheco reports having stage 2 cancer and epilepsy; however, no medical documents have been provided to the Court. Doc. 54 at 1. Pacheco states that she has not seen a doctor since she was transferred to the Hughes County Jail but makes no statements regarding her ability to care for herself or how her conditions affect her everyday life. Id. Pacheco makes no other arguments regarding what circumstances would entitle her to compassionate release. Id. If Pacheco is released early, she intends to live with her mother, Jaunita Pacheco.[1] Id.

**II.    Discussion**

In general, federal sentences are considered final judgments because a federal court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C.A. § 3582(c); United States v. Hodgin, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *1 (D.S.D. Mar. 11, 2021). However, in 2018, Congress passed the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions directly with the court seeking compassionate release once they have

---

[1] In her motion, Pacheco spells her mother's name "Jaunita," Doc. 54, but the presentence investigation report spells the name as "Junita," Doc. 42 ¶ 53.

3

exhausted administrative remedies. United States v. Rodd, 966 F.3d 740, 744 (8th Cir. 2020). "The inmate also may go directly to the court if the warden of the inmate's facility does not respond to the inmate's compassionate-release request within 30 days." Id.

Pacheco makes no mention in her motion about any efforts to exhaust her administrative remedies, but Pacheco is not presently in a BOP facility. As such, there is no warden for her to petition. Other courts have found that federal prisoners serving a sentence in non-BOP facilities can be deemed to have exhausted their remedies because exhaustion would otherwise be impossible. See United States v. Turner, No. 5:19-cr-00037-TBR-4, 2021 WL 244796, at *2 (W.D. Kentucky Jan. 25, 2021); United States v. Lopez, No. 18-CR-2846 MV, 2020 WL 2489746, at *2 (D.N.M. May 14, 2020); United States v. Noye, No. 19-CR-78 CJW-MAR, 2020 WL 4207553, at *3 (N.W. Iowa July 22, 2020); United States v. Levy, No. 16-cv-270 (ARR), 2020 WL 2393837, at *3 (E.D.N.Y. May 12, 2020). Pacheco can be deemed to have satisfied the exhaustion requirement because she has no warden presently to petition and whoever runs the Hughes County Jail lacks the authority to reduce a federally-imposed sentence to allow for compassionate release.

"Compassionate release provides a narrow path for defendants with 'extraordinary and compelling reasons' to leave prison early." Hodgin, 2021 WL 928179, at *1 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "It is the defendant's burden to establish that [s]he warrants a [18 U.S.C.] § 3582(c) reduction." United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). When evaluating a compassionate release petition, courts consider the sentencing factors in 18 U.S.C. § 3553(a) and must ensure any potential reduction is consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); see Hodgin, 2021 WL 928179, at *1. In addition to the advisory guideline range, a court under 18 U.S.C. § 3553(a) must consider:

4

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed--
>
>>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>(B) to afford adequate deterrence to criminal conduct;
>>
>>(C) to protect the public from further crimes of the defendant; and
>>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available[.]

Pacheco's advisory guideline range was 57 to 71 months based on a total offense level of 25 and a criminal history category of I. Doc. 42 ¶ 75. This Court departed downward to sentence Pacheco to 48 months in custody. Doc. 49. Pacheco's offense was serious. Pacheco conspired with others over a five-year period to distribute methamphetamine in and around the Rosebud Indian Reservation and was involved in a conspiracy under which over 1,500 grams of methamphetamine was distributed in those communities, though to avoid double counting and unduly punishing Pacheco, she was treated as having distributed less than that amount. Doc. 42 ¶¶ 5–27. Pacheco had a limited criminal history. Id. ¶¶ 42–51. The sentence imposed is long but reflected the seriousness of the offense, promoted respect for the law, provided just punishment, deterred the conduct, and protected the public.

The Sentencing Commission's policy statement, which was adopted before the FSA was passed, demands "extraordinary and compelling reasons" to warrant a sentence reduction, as well as requiring that the defendant not pose a danger to the safety of others. Hodgin, 2021 WL 928179, at *2 (citing USSG § 1B1.13(1)-(2) (Nov. 2018)). Yet Congress has not defined what constitutes

"extraordinary and compelling reasons." See 28 U.S.C. § 994(t). "The Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion 'the criteria to be applied and a list of specific examples.'" Hodgin, 2021 WL 928179, at *2 (quoting 28 U.S.C. § 994(t)). The Sentencing Commission characterized "extraordinary and compelling reasons" as pertaining to (1) the medical condition of the defendant, (2) time served in combination with advanced age and deteriorating health conditions, (3) compelling family circumstances, and (4) a catch-all category of "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" previously as determined by the Director of the Bureau of Prisons (BOP). USSG § 1B1.13, cmt. n.1(A)–(D). Extraordinary and compelling reasons are further defined within each subset. Id. For example, a medical condition must affect the ability of the defendant to care for themself within the prison or be a terminal illness. USSG § 1B1.13, cmt. n.1(A).

Pacheco makes no mention of how COVID has affected the Hughes County Jail in her motion. Regardless, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Saenz, No. 3:10-cr-30017-01-RAL, 2020 WL 4347273, at *5 (D.S.D. July 29, 2020) (cleaned up and citations omitted). Pacheco apparently has cancer, which is a condition that puts one at risk for a more serious form of COVID-19 if infected. People with Certain Medical Conditions, supra. Without more information, this Court cannot conclude that Pacheco's cancer or epilepsy threatens her life at the Hughes County Jail. Pacheco makes no reference to her family circumstances in her motion. At the time of her sentencing in 2021, Pacheco was widowed and had only adult children, Doc. 42 ¶¶ 57–58, making it unlikely she could

qualify for compassionate release under the family circumstances criteria. Pacheco is only 53 years old, and thus her age is not a significant factor.

Pacheco's best argument for compassionate release is her cancer diagnosis, but there is little information about Pacheco's diagnosis in her motion. Pacheco reports that she has Stage 2 cancer but does not elaborate any further. Doc. 54. Pacheco does not state whether her cancer is terminal or how, if at all, it affects her ability to care for herself within the Hughes County Jail. If Pacheco's cancer is advancing, that may justify compassionate release and nothing in this ruling should be taken as debarring Pacheco from filing another compassionate release motion. Pacheco states that she has not had any cancer treatments or seen an oncologist since she was transferred to the Hughes County Jail. But this Court has no reason to believe that Pacheco is being denied medical care and the Hughes County Jail would have responsibility to assure Pacheco receives proper care for any serious medical need.

In short, Pacheco has failed to show that extraordinary and compelling circumstances warrant a compassionate release in her case. Her motion for compassionate release is denied without prejudice to filing a later motion for compassionate release with better justification and more information. Within Pacheco's motion for compassionate release, she requests an attorney be appointed. Pacheco's motion is not an overly complex matter. The Federal Public Defender for the Districts of North and South Dakota has served as counsel for those seeking compassionate release and chose not to supplement Pacheco's motion. She was able to investigate and present some facts relating to her medical conditions, and she is not entitled to post-conviction counsel. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Her motion for counsel is denied and because her motion for compassionate release is being denied, the request for counsel is also moot.

Finally, Pacheco requested that, if this Court denies her other motions, she be transferred from the Hughes County Jail to the Winner City Jail in Winner, South Dakota, for medical reasons. Doc. 54. The BOP has the authority and discretion to determine the placement of prisoners serving federal sentences, and the FSA did not alter that authority. 18 U.S.C. §§ 2621(b), 3624(c)(4); Fults v. Sanders, 442 F.3d 1088, 1090–92 (8th Cir. 2006). Various courts have found that BOP placement questions are not reviewable. See United States v. Libby, No. 15-182, 2021 WL 254407, at *3 (D. Minn. Jan. 26, 2021) (collecting cases). Although Pacheco is not in a BOP facility, she remains under BOP purview in serving her federal sentence. To the extent she may be deemed to be in U.S. Marshals Service custody on a writ, this Court generally leaves incarceration decisions to that agency, and regardless Pacheco has not shown that her serious medical needs have been ignored.

### III. Conclusion and Order

For the reasons discussed above, it is hereby

ORDERED that Pacheco's Motion for Compassionate Release, Doc. 54, is denied.

DATED this 25th day of May, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE